**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT R. SPRINGFIELD,

      Plaintiff - Appellant,

vs.

WILLIAM HETTGAR, Warden;
and the ATTORNEY GENERAL
OF THE STATE OF WYOMING,

      Defendant - Appellant.

No. 99-8034
(D.C. No. 97-CV-167-B)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

    Mr. Springfield, an inmate appearing pro se, seeks to appeal from the denial of his habeas petition, 28 U.S.C. § 2254. Mr. Springfield was convicted in Wyoming state court of first degree sexual assault and that conviction was affirmed on appeal. See Springfield v. Wyoming, 860 P.2d 435 (1993). He

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

claims that he exhausted state post-conviction remedies, but did not attach any supporting documentation to his petition.

The district court denied his federal habeas claims on the merits and without a response from the state. The district court relied upon 28 U.S.C. § 2254(b)(2) which allows a federal habeas court to deny an unexhausted petition that obviously lacks merit. See Hoxsie v. Kerby, 108 F.3d 1239, 1242-43 (10th Cir. 1997). According to the district court, "irrespective of whether Mr. Springfield has exhausted his state remedies, his petition should be denied for failure to show that he is in custody in violation of the constitution or federal law." R. doc. 6 at 2. The district court also denied a certificate of appealability.

As a preliminary matter, we question reaching the merits of Mr. Springfield's petition without review of any state postconviction proceedings. None of the federal claims now advanced by Mr. Springfield were raised upon direct appeal. While § 2254(b)(2) allows for consideration of unexhausted claims, Mr. Springfield alleged that he exhausted his federal claims in state postconviction proceedings. Concerns of comity and federalism suggest that the state court postconviction proceedings be considered. Where the petitioner has not included such proceedings, such information may be provided by the state in an answer. See R. 5, Rules Governing § 2254 Cases in the United States District Courts. It is not possible to apply the current standard of review to any state

court determinations of federal law, 28 U.S.C. § 2254(d), when those determinations are not part of the record. Likewise, it is not possible to determine the extent of exhaustion and whether any of the federal claims are procedurally barred.

With that concern, we reach the merits. Mr. Springfield raises four issues on appeal. First, Mr. Springfield claims a violation of his right to confrontation and due process caused by his absence from a DNA suppression hearing. Specifically he alleges that when his attorney told him he need not be present, the effect was to exclude him from the most critical phase of the trial and prevent him challenging evidence and testimony that would later be presented by videotape at trial.

We need not decide whether a defendant's right to be present extends to a pretrial suppression hearing. See generally Christopher J. Bello, Annotation, Right of Accused to be Present at Suppression Hearing or at other Hearing or Conference Between Court and Attorneys Concerning Evidentiary Questions, 23 A.L.R. 4th 955 (1983 & 1998 Supp.). Assuming such a right, we also need not decide whether Mr. Springfield voluntarily waived that right. Mr. Springfield's claim fails because he cannot identify any specific contribution that his presence might have made. The Supreme Court "has emphasized that this privilege of presence is not guaranteed 'when presence would be useless, or the benefit but a

-3-

shadow . . . .'"  Kentucky v. Stincer , 482 U.S. 730, 745 (1987) (quoting  Snyder v. Massachusetts , 291 U.S. 97, 105-06 (1934)).  On direct appeal, the Wyoming Supreme Court addressed the propriety of including the DNA evidence at great length,  see Springfield , 860 P.2d at 439-48, and Mr. Springfield has failed to show that his presence at the evidentiary hearing would have affected the outcome in any manner.  For the same reason, Mr. Springfield cannot show prejudice to succeed on the related claim that his trial counsel was ineffective in advising him he need not attend the suppression hearing.    See Strickland v. Washington  , 466 U.S. 668, 687 (1984) (to succeed on an ineffectiveness claim, defendant must show that deficient performance prejudiced his defense).

Second, Mr. Springfield challenges the trial judge's decision to exclude certain testimony of prosecution witness Shane Schenderline.  According to Mr. Springfield, the testimony tended to show that the witness had been pressured to lie about Mr. Springfield's presence near the crime scene.  He argues that he was denied his right of confrontation to impeach the witness.  He argues that had this testimony been admitted, it could have been used to attack the chain of custody regarding his voluntarily submitted body samples and the rape kit evidence.

On direct appeal, Mr. Springfield apparently argued that none of Mr. Schenderline's testimony should have been admitted.  In considering this issue, the Wyoming Supreme Court indicated that Mr. Schenderline's inability to place

Mr. Springfield near the crime scene was brought out, and this "only helped appellant's case." Springfield, 860 P.2d at 450. The confrontation right is not absolute; a defendant must be given "an opportunity for effective cross-examination" of witnesses against him, but that is not synonymous with eliciting all information that might contradict unfavorable testimony. Pennsylvania v. Ritchie, 480 U.S. 39, 53 (1987) (internal quotation marks omitted). Here, the witness did not provide the unfavorable testimony that the state expected, and sufficient information was brought out for the jury to make a "discriminating appraisal" of the presence issue. See Miranda v. Cooper, 967 F.2d 392, 401-403 (10th Cir. 1992). No more was required.

Insofar as any evidentiary ruling on this issue, a federal habeas court is not empowered to correct state law evidentiary errors, and Mr. Springfield has not shown that the state district court's evidentiary decision rendered his trial fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995).

Third, Mr. Springfield claims that police investigators lied to him when they told him they wanted body samples for investigation of an unrelated rape. He alleges that this deception made his consent involuntary and tainted a later search warrant based upon the original body samples. Federal habeas review of this Fourth Amendment claim would be barred if the state provided an

opportunity for full and fair litigation of this claim. See Stone v. Powell , 428 U.S. 465, 494 (1976). As this issue does not appear to have been raised at trial or on direct appeal, quite likely it is procedurally barred. Regardless, we agree with the district court that this claim is far too general to support relief given the factual nature of a voluntariness inquiry. See Hawkins v. Hannigan , No. 97-3326, 1999 WL 56893, at *12 (10th Cir. Aug. 4, 1999) (dismissing ineffective counsel claim based on Fourth Amendment for failure to demonstrate involuntariness). Conspicuously absent from the petition are facts–who, what, when and where-- that might support the general allegation.

Finally, Mr. Springfield alleges ineffective assistance of counsel, both at the trial level and on appeal, for failing to raise the three previous challenges. Given our disposition of the claims on the merits, Mr. Springfield cannot establish prejudice, and therefore cannot prevail on an ineffective assistance claim. See Strickland , 466 U.S. at 697 (court need not address deficient performance if prejudice cannot be established).

The application for a certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-6-